The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.S. and D.H., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MED-DATA, INC.,<br><br>Defendant. | No. 2:21-cv-01059-RAJ<br><br>**MED-DATA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |

Defendant Med-Data, Inc. ("MedData"), by and through its counsel of record, hereby answers the Class Action Complaint (hereinafter "Complaint") of Plaintiffs M.S. and D.H., individually and on behalf of all others similarly situated ("Plaintiffs"), and allege its affirmative defenses as follows:

**NATURE OF THE CASE**

1. Answering Paragraph 1, MedData admits MedData files were uploaded to a public-facing website, potentially impacting approximately 135,000 individuals ("Data Security Incident"). Further Answering Paragraph 1, and the allegations of all other paragraphs of the Complaint alleging that the data security incident was a "Healthcare Data Breach" or "Breach," MedData denies such definitions and related allegations. The



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

remaining allegations set forth in Paragraph 1 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the remaining allegations in Paragraph 1.

2. The allegations set forth in Paragraph 2 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 2.

3. Answering Paragraph 3, MedData admits the allegations set forth in Paragraph 3.

4. Answering Paragraph 4, MedData admits the allegations set forth in Paragraph 4.

5. Answering Paragraph 5, MedData admits that it has access to certain of its clients' patients' PHI and PII. The remaining allegations of Paragraph 5 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 5.

6. The allegations set forth in Paragraph 6 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 6.

7. Answering Paragraph 7, MedData admits that certain and different of these categories of information, but not necessarily all categories, were included in the Data Security Incident for MedData's clients' patients. MedData is without information or knowledge of the remaining allegations set forth in Paragraph 7, and therefore denies the same.

8. The allegations set forth in Paragraph 8, constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 8.

9. Answering Paragraph 9, MedData denies the allegations.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

10. Answering Paragraph 10, MedData denies that PHI and PII has been released into the "criminal cyber domain." The remaining allegations of Paragraph 10, MedData lacks information or knowledge sufficient to admit or deny the allegations, and therefore denies the same.

11. The allegations set forth in Paragraph 11, constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 11.

## THE PARTIES

12. Answering Paragraph 12, MedData lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

13. Answering Paragraph 13, MedData lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

14. Answering Paragraph 14, MedData admits it sent letters dated on or before March 31, 2021 advising patients of certain of its health care provider customers of the Data Security Incident which may have impacted personal information, including health information. MedData lacks knowledge or information sufficient to admit or deny whether Plaintiff M.S. received such a letter, and therefore denies the remaining allegations set forth in Paragraph 14.

15. Answering Paragraph 15, MedData lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

16. Answering Paragraph 16, MedData lacks knowledge or information sufficient to admit or deny the allegations regarding harm to Plaintiff M.S., and therefore denies the same. MedData denies that it failed to train and supervise its employees. The remaining allegations set forth in Paragraph 16 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the remaining allegations in Paragraph 16.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

17. Answering Paragraph 17, MedData lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

18. Answering Paragraph 18, MedData lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

19. Answering Paragraph 19, MedData lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

20. The allegations set forth in Paragraph 20, constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 20.

21. The allegations set forth in Paragraph 21, constitute legal conclusions or arguments, and therefore require no answer. Maintaining identity theft protection is a normal and usual precaution taken by prudent individuals, regardless of whether their confidential personal information has been compromised in the past. To the extent an answer is required, MedData denies the allegations in Paragraph 21.

22. The allegations set forth in Paragraph 22, constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 22.

23. Answering Paragraph 23, MedData lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

24. Answering Paragraph 24, MedData lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

25. Answering Paragraph 25, MedData admits it sent letters dated on or before March 31, 2021 advising patients of certain of its health care provider customers of the Data Security Incident which may have impacted personal information, including health information. MedData lacks knowledge or information sufficient to admit or deny whether Plaintiff D.H. received such a letter, and therefore denies the remaining allegations set forth



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

in Paragraph 25.

26. The allegations set forth in Paragraph 26, constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 26.

27. The allegations set forth in Paragraph 27, constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 27.

28. The allegations set forth in Paragraph 28, constitute legal conclusions or arguments, and therefore require no answer. Maintaining identity theft protection is a normal and usual precaution taken by prudent individuals, regardless of whether their confidential personal information has been compromised in the past. To the extent an answer is required, MedData denies the allegations in Paragraph 28.

29. The allegations set forth in Paragraph 29, constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 29.

30. Answering Paragraph 30, MedData admits that it is incorporated in Washington. MedData further admits that it provides revenue cycle services to health care providers nationwide. MedData denies all other allegations in Paragraph 30.

31. Answering Paragraph 31, MedData admits the allegations set forth in Paragraph 31.

**JURISDICTION AND VENUE**

32. The allegations set forth in Paragraph 32 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData admits that this Court has diversity jurisdiction under CAFA. denies the allegations in Paragraph 32.

33. Answering Paragraph 33, MedData admits the allegations set forth in



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Paragraph 33.

34. Answering Paragraph 34, MedData admits the allegations set forth in Paragraph 34. that it is incorporated in Washington. MedData further admits that it transacts business and maintains an office in Washington. The remaining allegations in Paragraph 34 constitute legal conclusions or arguments, and therefore require no answer.

## FACTUAL ALLEGATIONS

35. Answering Paragraph 35, MedData admits it is a business associate of its health care provider customers, and as such, has access to PII and PHI. MedData admits the remaining allegations set forth in Paragraph 35.

36. Answering Paragraph 36, MedData admits some of its privacy practices are available online at https://www.meddata.com/privacy-policy/.

37. Answering Paragraph 37, MedData admits that on or about December 10, 2020, an individual contacted MedData and stated that some of MedData's data was available on GitHub.com ("GitHub") MedData lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 37, and therefore denies the same.

38. Answering Paragraph 38, MedData admits the allegations.

39. Answering Paragraph 39, MedData admits that it launched an immediate investigation and discovered that a former employee had saved proprietary MedData software code to GitHub. Apparently raw data containing PHI and PII was inadvertently included in the data uploaded to GitHub. MedData further admits that it does not know when these raw data were saved to GitHub but that it was likely sometime between December 2018 and September 2019. MedData further admits that the files were removed from GitHub on December 17, 2020. MedData lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 39, and therefore denies the same.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

40. Answering Paragraph 40, MedData admits that it notified its impacted client entities on or around February 8, 2020. MedData denies all other allegations in Paragraph 40.

41. Answering Paragraph 41, MedData denies it was too late in the discovery and notification of the Data Security Incident. The remaining allegations set forth in Paragraph 41 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations set forth in that sentence.

42. Answering Paragraph 42, MedData admits that the notice letters contain the phrase "to remain vigilant against incidents of identity theft." MedData further admits the notice letters offers patients potentially affected by the Data Security Incident identity theft protection services. MedData denies all other allegations set forth in Paragraph 42.

43. Answering Paragraph 43, MedData denies the allegations.

44. Answering Paragraph 44, MedData denies the allegations.

45. Answering Paragraph 45, MedData denies the allegations.

46. The allegations set forth in Paragraph 46 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 46.

47. Answering Paragraph 47, MedData lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 47, and therefore denies the same.

48. The allegations set forth in Paragraph 48 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 48.

49. Answering Paragraph 49, MedData admits it is covered by, and complies with, HIPAA. The remaining allegations set forth in Paragraph 49 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

required, MedData denies the remaining allegations in Paragraph 49.

50. Answering Paragraph 50, MedData admits it is subject to, and complies with, HITECH. The remaining allegations set forth in Paragraph 50 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the remaining allegations in Paragraph 50.

51. The allegations set forth in Paragraph 51 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 51.

52. The allegations set forth in Paragraph 52 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 52.

53. Answering Paragraph 53, the allegations set forth in Paragraph 53 purport to quote 45 C.F.R. §164.302. The regulation speaks for itself and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 53 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 53.

54. Answering Paragraph 54, the allegations set forth in Paragraph 54 purport to quote 45 C.F.R. §160.103. The regulation speaks for itself and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 54 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 54.

55. Answering Paragraph 55, the allegations set forth in Paragraph 55 purport to quote HIPPA's Security Rule. The Rule speaks for itself and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 55 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 55.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

56. Answering Paragraph 56, the allegations set forth in Paragraph 56 purport to quote 45 C.F.R. §§164.306 and 164.312(a)(1). The regulations speak for themselves and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 56 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 56.

57. Answering Paragraph 57, the allegations set forth in Paragraph 57 purport to quote 45 C.F.R. §§164.306(a)(1) and 164.306(a)(3) and cite 42 U.S.C. §17902. The regulations and statute speak for themselves and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 57 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 57.

58. Answering Paragraph 58, the allegations set forth in Paragraph 58 purport to quote 45 C.F.R. §§164.400-414. The regulations speak for themselves and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 58 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 58.

59. Answering Paragraph 59, the allegations set forth in Paragraph 59 purport to quote 45 C.F.R. Part 164, Subparts D or E and cite 45 C.F.R. §164.530(a). The regulations and statute speak for themselves and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 59 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 59.

60. Answering Paragraph 60, the allegations set forth in Paragraph 60 purport to quote 45 C.F.R. Part 164, Subpart E and cite 45 C.F.R. §164.530(f). The regulations and statute speak for themselves and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 60 constitute legal conclusions or arguments, and



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 60.

61. Answering Paragraph 61, the allegations set forth in Paragraph 61 purport to quote 45 C.F.R. §§ 164.302-164.318. The regulations speak for themselves and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 61 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 61.

62. Answering Paragraph 62, the allegations set forth in Paragraph 62 purport to quote the FTC Act and cite *FTC v Wyndham Worldwide Corp*. The Act and federal court decision speak for themselves and therefore no answer is required. Further, MedData states that the allegations set forth in Paragraph 62 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 62.

63. The allegations set forth in Paragraph 63 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 63.

64. The allegations set forth in Paragraph 64 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 64.

65. The allegations set forth in Paragraph 65 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 65.

66. The allegations set forth in Paragraph 66 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 66.

67. The allegations set forth in Paragraph 67 constitute legal conclusions or



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 67.

68. The allegations set forth in Paragraph 68 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 68.

69. The allegations set forth in Paragraph 69 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 69.

70. Answering Paragraph 70, MedData is aware that the healthcare industry has been targeted by those looking to gain unauthorized access to sensitive information. Answering the remaining allegations in Paragraph 70, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

71. Answering Paragraph 71, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

72. Answering Paragraph 72, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

73. The allegations set forth in Paragraph 73 constitute legal conclusions or argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 73.

74. Answering the first sentence of Paragraph 74, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same. MedData denies the remaining allegations set forth in Paragraph 74.

75. Answering Paragraph 75, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

76. Answering Paragraph 76, MedData denies the allegations.

77. The allegations set forth in Paragraph 77 constitute argument, and therefore



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 77.

78. The allegations set forth in Paragraph 78 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 78.

79. The allegations set forth in Paragraph 79 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 79.

80. Answering Paragraph 80, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

81. The allegations set forth in Paragraph 81 constitute legal conclusions or argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 81.

82. The allegations set forth in Paragraph 82 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 82.

83. The allegations set forth in Paragraph 83 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 83.

84. The allegations set forth in Paragraph 84 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 84.

85. The allegations set forth in Paragraph 85 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 85.

86. The allegations set forth in Paragraph 86 constitute argument, and therefore



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 86.

87. The allegations set forth in Paragraph 87 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 87.

88. Answering Paragraph 88, MedData denies the allegations.

89. Answering Paragraph 89, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

90. The allegations set forth in Paragraph 90 constitute argument, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 90.

91. Answering Paragraph 91, MedData denies the allegations.

92. The allegations in Paragraph 92 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 92.

93. The allegations in Paragraph 93 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 93.

94. Answering Paragraph 94, the first sentence of Paragraph 94 constitutes legal conclusions or arguments, and therefore requires no answer. MedData denies the second sentence of Paragraph 94.

95. Answering Paragraph 95, MedData denies that it made Plaintiffs and Class members PHI and PII "easily accessible" to cyber criminals and that Plaintiffs and Class Members will need to have identity theft monitoring for the rest of their lives that is different or additional to the identity monitoring commonly employed by prudent individuals. MedData lacks knowledge or information sufficient to admit or deny the



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

allegations regarding the Plaintiffs and Class members action to mitigate damages. MedData denies the remaining allegations set forth in Paragraph 95.

96. The allegations in Paragraph 96 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 96.

97. The allegations set forth in Paragraph 97 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 97.

98. The allegations set forth in Paragraph 98 constitute arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 98.

99. Answering Paragraph 99, MedData denies the allegations.

100. The allegations set forth in Paragraph 100 constitute a legal conclusion, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 100.

101. Answering Paragraph 101, MedData denies the allegations.

102. Answering Paragraph 102, MedData denies the allegations.

103. Answering the allegations set forth in Paragraph 103, MedData admits that it knew the importance of safeguarding PHI and PII and denies the remaining allegations in Paragraph 103.

104. The allegations set forth in Paragraph 104 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 104.

105. The allegations set forth in Paragraph 105 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 105.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CLASS ACTION ALLEGATIONS**

106. The allegations set forth in Paragraphs 106-115 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData admits that Plaintiffs purport to bring this action on behalf of the proposed class, but denies the appropriateness of class certification, and otherwise denies the allegations in Paragraphs 106-115.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(On Behalf of Nationwide Class)**

107. Answering Paragraph 116, MedData incorporates its responses to all prior paragraphs.

108. Answering Paragraph 117, MedData admits the allegations.

109. The allegations set forth in Paragraph 118 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 118.

110. Answering Paragraph 119, MedData admits the allegations.

111. The allegations set forth in Paragraph 120 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 120.

112. The allegations set forth in Paragraph 121 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 121.

113. The allegations set forth in Paragraph 122 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 122.

114. The allegations set forth in Paragraph 123 constitute legal conclusions or



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 123.

115. The allegations set forth in Paragraph 124 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 124.

116. The allegations set forth in Paragraph 125 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 125.

117. The allegations set forth in Paragraph 126, MedData denies that it (a) failed to exercise reasonable care in obtaining, retaining, securing, safeguarding, protecting and deleting PHI and PII in its possession; (b) failed to protect PHI and PII in its possession using reasonable security procedures and systems; (c) failed to reasonably and properly audit, test, and train its employees regarding how to properly and securely transmit and store PHI and PII; (d) failed to reasonable train its employees not to store unencrypted PHI and PII in their files longer than necessary for the specific purpose that it was sent or received; (e) failed to enforce security policies aimed at protecting Plaintiffs' and the proposed Class' PHI and PII; (f) failed to mitigate the Data Security Incident; (g) failed to implement processes to detect data breaches and security incidents; and (h) failed to timely notify Plaintiffs and Class Member of the Security Data Incident. The remaining allegations of Paragraph 126 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the remaining allegations in Paragraph 126.

118. The allegations set forth in Paragraph 127 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 127.

119. The allegations set forth in Paragraph 128 constitute legal conclusions or



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 128.

120. Answering Paragraph 129, MedData denies the allegations.

121. Answering Paragraph 130, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

122. The allegations set forth in Paragraph 131 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 131.

123. The allegations set forth in Paragraph 132 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 132.

124. The allegations set forth in Paragraph 133 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION
## NEGLIGENCE *PER SE*
## (On Behalf of Nationwide Class)

125. Answering Paragraph 134, MedData incorporates its responses to all prior paragraphs.

126. The allegations set forth in Paragraph 135 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 135.

127. The allegations set forth in Paragraph 136 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 136.

128. The allegations set forth in Paragraph 137 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

denies the allegations in Paragraph 137.

129. The allegations set forth in Paragraph 138 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 138.

130. Answering Paragraph 139, MedData admits that it stores PHI and PII in the course of providing revenue cycle services to its clients. MedData denies the remaining allegations in Paragraph 139.

131. The allegations set forth in Paragraph 140 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 140.

132. The allegations set forth in Paragraph 141 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 141.

133. The allegations set forth in Paragraph 142 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 142.

134. The allegations set forth in Paragraph 143 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 143.

135. The allegations set forth in Paragraph 144 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 144.

136. The allegations set forth in Paragraph 145 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 145.

137. Answering Paragraph 146, MedData admits that it notified its clients'



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

patients of the Data Security Incident on or around March 31, 2021. The remaining allegations set forth in Paragraph 146 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the remaining allegations in Paragraph 146.

138. The allegations set forth in Paragraph 147 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 147.

139. The allegations set forth in Paragraph 148 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 148.

140. The allegations set forth in Paragraph 149 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 149.

141. The allegations set forth in Paragraph 150 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 150.

142. The allegations set forth in Paragraph 151 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

## THIRD CAUSE OF ACTION

### BREACH OF THIRD PARTY BENFICIARY CONTRACT
### (On Behalf of Nationwide Class)

143. Answering Paragraph 152, MedData incorporates its responses to all prior paragraphs.

144. Answering Paragraph 153, MedData admits that it contracts with its clients, including AdventHealth Shawnee Mission, to provide revenue cycle services, MedData



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

denies all remaining allegations set forth in Paragraph 153.

145. The allegations set forth in Paragraph 154 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

146. The allegations set forth in Paragraph 155 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

147. The allegations set forth in Paragraph 156 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

148. The allegations set forth in Paragraph 157 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

**FOURTH CAUSE OF ACTION**

**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Nationwide Class)**

149. Answering Paragraph 158, MedData incorporates its responses to all prior paragraphs.

150. The allegations set forth in Paragraph 159 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 159.

151. Answering Paragraph 160, MedData denies the allegations.

152. The allegations set forth in Paragraph 161 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 161.

153. The allegations set forth in Paragraph 162 constitute legal conclusions or



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 162.

154. Answering Paragraph 163, MedData denies that it failed to take reasonable measures to protect its client's patients' PHI and PII. The remaining allegations set forth in Paragraph 163 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the remaining allegations in Paragraph 163.

155. The allegations set forth in Paragraph 164 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 164.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT
**(On Behalf of Nationwide Class)**

156. Answering Paragraph 165, MedData incorporates its responses to all prior paragraphs.

157. The allegations set forth in Paragraph 166 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 166.

158. The allegations set forth in Paragraph 167, constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 167.

159. The allegations set forth in Paragraph 168 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 168.

160. The allegations set forth in Paragraph 169 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

**SIXTH CAUSE OF ACTION**

**NEGLIGENT TRAINING AND SUPERVISION**
**(On Behalf of Nationwide Class)**

161. Answering Paragraph 170, MedData incorporates its responses to all prior paragraphs.

162. The allegations set forth in Paragraph 171 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 171.

163. The allegations set forth in Paragraph 172 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 172.

164. Answering Paragraph 173, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

165. The allegations set forth in Paragraph 174 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 174.

166. Answering Paragraph 175, MedData denies that it failed to train and supervise its employees. The remaining allegations set forth in Paragraph 175 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the remaining allegations in Paragraph 175.

167. Answering Paragraph 176, MedData denies that if failed to train and supervise its employees. The remaining allegations set forth in Paragraph 176 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

168. The allegations set forth in Paragraph 177 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 177.

## SEVENTH CAUSE OF ACTION

### INVASION OF PRIVACY (INTRUSION UPON SECLUSION)
### (On Behalf of Nationwide Class)

169. Answering Paragraph 178, MedData incorporates its responses to all prior paragraphs.

170. The allegations set forth in Paragraph 179 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 179.

171. The allegations set forth in Paragraph 180 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 180.

172. Answering Paragraph 181, MedData lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the same.

173. The allegations set forth in Paragraph 182 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 182.

174. The allegations set forth in Paragraph 183 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 183.

175. The allegations set forth in Paragraph 184 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 184.

176. The allegations set forth in Paragraph 185 constitute legal conclusions or



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

**EIGHTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY OF CONFIDENTIALITY**
**(On Behalf of Nationwide Class)**

177. Answering Paragraph 186, MedData incorporates its responses to all prior paragraphs.

178. The allegations set forth in Paragraph 187 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 187.

179. The allegations set forth in Paragraph 188 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 188.

180. The allegations set forth in Paragraph 189 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 189.

181. The allegations set forth in Paragraph 190 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 190.

182. The allegations set forth in Paragraph 191 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 191.

183. The allegations set forth in Paragraph 192 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**NINTH CAUSE OF ACTION**
**VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT,**
**RCW 19.86, *ET SEQ.***
**(On Behalf of Nationwide Class)**

184. Answering Paragraph 193, MedData incorporates its responses to all prior paragraphs.

185. The allegations set forth in Paragraph 194 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 194.

186. The allegations set forth in Paragraph 195 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 195.

187. The allegations set forth in Paragraph 196 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 196.

188. The allegations set forth in Paragraph 197 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 197.

189. The allegations set forth in Paragraph 198 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 198.

190. The allegations set forth in Paragraph 199 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 199.

191. The allegations set forth in Paragraph 200 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 200.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

192. The allegations set forth in Paragraph 201 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 201.

193. The allegations set forth in Paragraph 202 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 202.

194. The allegations set forth in Paragraph 203 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 203.

195. The allegations set forth in Paragraph 204 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 204.

196. The allegations set forth in Paragraph 205 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

197. The allegations set forth in Paragraph 206 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

## TENTH CAUSE OF ACTION
**VIOLATIONS OF MISSOURI MERCHANDISING PRACTICES ACT ("MMPA")**
**MO. REV. STAT. § 407.010 ET SEQ.**
**(On Behalf of the Missouri Subclass)**

198. Answering Paragraph 207, MedData incorporates its responses to all prior paragraphs.

199. The allegations set forth in Paragraph 208 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 208.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

200. The allegations set forth in Paragraph 209 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 209.

201. The allegations set forth in Paragraph 210 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 210.

202. The allegations set forth in Paragraph 211 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 211.

203. The allegations set forth in Paragraph 212 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 212.

204. The allegations set forth in Paragraph 213 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 213.

205. The allegations set forth in Paragraph 214 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 214.

206. The allegations set forth in Paragraph 215 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 215.

207. The allegations set forth in Paragraph 216 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 216.

208. The allegations set forth in Paragraph 217 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

denies the allegations in Paragraph 217.

209. The allegations set forth in Paragraph 218 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 218.

210. The allegations set forth in Paragraph 219 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 219.

211. The allegations set forth in Paragraph 220 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 220.

212. The allegations set forth in Paragraph 221 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

**ELEVENTH CAUSE OF ACTION**
**DECLARATORY AND INJUNCTIVE RELIEF**
**(On Behalf of Nationwide Class)**

213. Answering Paragraph 222, MedData incorporates its responses to all prior paragraphs.

214. The allegations set forth in Paragraph 223 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 223.

215. The allegations set forth in Paragraph 224 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 224.

216. The allegations set forth in Paragraph 225 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 225.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

217. Answering Paragraph 226, MedData lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 226, and therefore denies the same.

218. The allegations set forth in Paragraph 227 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 227.

219. The allegations set forth in Paragraph 228 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 228.

220. The allegations set forth in Paragraph 229 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies the allegations in Paragraph 229.

221. The allegations set forth in Paragraph 230 constitute legal conclusions or arguments, and therefore require no answer. To the extent an answer is required, MedData denies that Plaintiffs and the alleged Class members are entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

MedData denies the appropriateness of any and all relief sought by Plaintiffs and the putative Class Members in their Prayer for Relief.

**AFFIRMATIVE AND OTHER DEFENSES**

A. Plaintiffs and the putative Class Members fail to state a claim upon which relief can be granted.

B. Plaintiffs and the putative Class Members lack standing to assert their claims and to represent the purported class members.

C. Some or all of Plaintiffs' and the putative Class Members' claims are barred by the relevant statutes of limitation.

D. Some or all of Plaintiffs' and the putative Class Members' claims are barred



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

by the doctrine of estoppel, waiver, ratification, acquiescence, unclean hands, accord and satisfaction, settlement, consent, agreement, payment and release, or other related equitable doctrines.

E. Some or all of Plaintiffs' and the putative Class Members' claims were caused by Plaintiffs' and the putative Class Members' own negligence, fault, and/or conduct.

F. Plaintiffs' and the putative Class Members' demand for damages is barred, in whole or in party, because of Plaintiffs' and the putative Class Members' failure to act reasonably to mitigate the alleged damages.

G. Plaintiffs have failed to satisfy the prerequisites for class certification and, therefore, cannot represent the interests of others.

H. Plaintiffs cannot show class treatment of the alleged claims is superior to other methods of adjudicating the controversy.

I. Plaintiffs have failed to join necessary and indispensable parties.

J. MedData reserves the right to assert additional affirmative defenses if, in the course of its investigation, discovery, or preparation for trial, the factual basis for such defenses becomes known.

**MEDDATA'S PRAYER FOR RELIEF**

1. For dismissal of Plaintiffs' Complaint with prejudice;

2. For award of MedData's fees, expenses, and costs to the full extent permitted by law; and

3. For such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

MedData hereby gives notice that it demands a jury trial on all claims against it.

//



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

DATED: September 30, 2021.

**ARETE LAW GROUP**

By: */s/ Ralph H. Palumbo*
Ralph H. Palumbo, WSBA No. 4751
Lynn M. Engel, WSBA No. 21934
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Email: rpalumbo@aretelaw.com
lengel@aretelaw.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

By: */s/ Marjorie C. Nicol*
Marjorie C. Nicol (*pro hac vice*)
Kent Adams (*pro hac vice pending*)
909 Fannin Street, Suite 3300
Houston, TX 77010
Phone: (713) 353-2000
Email: marjorie.nicol@wilsonelser.com
kent.adams@wilsonelser.com

*Attorneys for Defendant, Med-Data, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

**TERRELL MARSHAL LAW GROUP PLLC**

| | |
|---|---|
| Beth E. Terrell<br>Ryan Tack-Hooper<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103-8869<br>bterrell@terrellmarshall.com<br>ryan@terrellmarshall.com | ☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

**HEENAN & COOK**

| | |
|---|---|
| John Heenan (pro hac vice)<br>Teague Westrope (pro hac vice)<br>1631 Zimmerman Trail<br>Billings, MT 59102<br>john@lawmontana.com<br>teague@lawmontana.com | ☐ Facsimile<br>☒ E-mail<br>☐ U.S. Mail<br>☐ E-filing |

**MORGAN & MORGAN**

| | |
|---|---|
| John A. Yanchunis (pro hac vice)<br>Ryan Maxey (pro hac vice)<br>201 North Franklin Street, 7th Floor<br>Tampa, FL 33602<br>jyanchunis@forthepeople.com<br>rmaxey@forthepeople.com | ☐ Facsimile<br>☒ E-mail<br>☐ U.S. Mail<br>☐ E-filing |

**MORGAN & MORGAN**

| | |
|---|---|
| Michael F. Ram (pro hac vice)<br>711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102-3275<br>mram@forthepeople.com | ☐ Facsimile<br>☒ E-mail<br>☐ U.S. Mail<br>☐ E-filing |

*Attorneys for Plaintiffs, M.S. and D.H.*



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Dated this 30th day of September, 2021 in Seattle, Washington.

*/s/ Janet C. Fischer*
Janet C. Fischer
Paralegal



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250