United States District Court
Southern District of Texas
**ENTERED**
February 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| M.S. and D.H., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDDATA, Inc.,<br><br>Defendant. | Civil Action No.<br>4:22-cv-00187<br><br>Judge Charles Eskridge |

# ORDER GRANTING
# PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
# OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Plaintiffs seek an order that (1) certifies the Settlement Class (as defined below) for settlement purposes and appoints the Named Plaintiffs as Settlement Class Representatives and their counsel as Class Counsel; (2) appoints Postlethwaite & Netterville ("P&N") as Settlement Administrator; (3) preliminarily approves the settlement as fair, reasonable, and adequate; (4) approves the form, content, and manner of notice, and the procedures for objecting to and opting out of the proposed Settlement Agreement; (5) directs notice to Settlement Class Members in accordance with the terms of the Settlement Agreement; (6) sets a date for hearing to finally approve the Settlement Agreement ("Final Approval Hearing").

Plaintiffs' Motion is Granted. The Court has considered the terms of the Settlement Agreement in light of the issues presented in this case, the stage and complexity of the proceedings, the expense of further litigation, the range of possible recovery, the absence of any evidence of collusion between the Parties, and the experience of Class Counsel, and is preliminarily satisfied

that the Settlement Agreement is fair, reasonable, and adequate. The Court also is satisfied that the plan for sending notice of the Settlement to the Settlement Class is adequate, sufficiently informs Settlement Class members of the Settlement's terms and of the certification of the Settlement Class, and satisfies the requirements set forth in Federal Rule of Civil Procedure 23 and due process.

**THEREFORE, IT IS ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the conditionally certified Settlement Class, as defined below.

2. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

3. The Court preliminarily certifies the following "Settlement Class" for purposes of settlement only:

> All residents of the United States whose personal information was included in the data uploaded to GitHub.com by a Med-Data employee and announced by Med-Data in March 2021.

4. Excluded from the class are (1) the Court and all members of the Court's staff; (2) the officers and directors of Defendant and its Business Associates; (3) persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Incident; and (4) persons who timely and validly request exclusion from the Settlement Class.

5. Based on the Court's review of the Settlement Agreement (Dkt. No. 82-2), Plaintiffs' Motion (Dkt. No. 82), declaration of Plaintiffs' counsel (Dkt. Nos. 82-1), and the declaration of the Settlement Administrator (Dkt. No. 83), the Court finds that conditional certification of the Settlement Class for settlement purposes is appropriate under Federal Rule of

Civil Procedure 23 because the Settlement Class is ascertainable and so numerous that joinder would be impracticable, the action presents common issues of law and fact that predominate over any individual questions, Plaintiffs' claims are typical of Settlement Class members' claims, Plaintiffs and their counsel are adequate representatives of the Settlement Class, and a class action would be superior to thousands of individual lawsuits.

6. The Court appoints M.S., D.H., Nicole Tokarski, and C.C. as Settlement Class Representatives, and Beth E. Terrell and Ryan Tack-Hooper of Terrell Marshall Law Group, Jean Martin of Morgan & Morgan, Maureen Brady of McShane & Brady, William B. Federman of Federman & Sherwood, and John Heenan of Heenan & Cook as Settlement Class Counsel.

7. The Court appoints Postlethwaite & Netterville ("P&N") as Settlement Administrator, which shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

8. Pursuant to 45 C.F.R. § 164.512(e), Med-Data is authorized to disclose specific protected health information of Settlement Class Members to Plaintiffs and the Settlement Administrator to the limited extent such protected health information is necessary to implement and administer the Settlement. If necessary, the Settlement Administrator shall sign Defendant's Business Associate agreement prior to receiving any protected health information from Defendant.

9. The Court approves, as to form and content, the Postcard Notice and Long Form Notice attached as exhibits to the Settlement Agreement and approves the Parties' plan for disseminating notice, which will ensure that Settlement Class Members will receive the best notice

practicable under the circumstances. The Court finds that the method of providing notice to Settlement Class members and the procedure for exclusion requests and objections to the Settlement specified in Section VII of the Settlement Agreement are reasonable and appropriate, and satisfy the requirements of due process and the Federal Rules of Civil Procedure.

10. Within five (5) business days of the date of this Order, the Settlement Administrator shall provide wiring instructions and a completed and executed IRS Form W-9 to Med-Data.

11. Within ten (10) business days of the date of this Order, MedData shall provide the Settlement Administrator with a list of the names and all known contact information of all Settlement Class Members. For Settlement Class Members for which MedData does not have complete contact information, particularly the 6,500 class members for whom MedData was not able to provide notice of the data security incident, MedData shall also provide all known personally identifiable data sufficient to identify the Settlement Class Member (such as date of birth or the social security number) and the identity of the Med-Data Business Associate that provided health care services to the Settlement Class Member within ten (10) business days of the date of this Order. The Settlement Administrator has opined that publication or geo-targeted notice is not required to satisfy due process notice requirements, particularly with regard to these 6,500 individuals. It is intended that the 6,500 individuals shall constitute members of the Nationwide Class to be certified for settlement purposes. The Court accepts the Settlement Administrator's determination that publication or geo-targeted notice is not required to satisfy due process notice requirements.

12. Within twenty-one (21) calendar days after the date of this Order, Defendant shall wire or otherwise transfer the estimated costs of notice and settlement administration through the date of final approval to the Settlement Administrator.

13. The Settlement Administrator shall commence the Notice Program set forth in the Settlement Agreement within thirty (30) calendar days after the date of this Order (the "Notice Deadline").

14. Class Counsel shall file their motion for attorneys' fees and costs and service awards to the Settlement Class Representatives within ninety (90) calendar days of this Order.

15. Any Settlement Class Member may exclude himself or herself from the Settlement by submitting a written request to the Settlement Administrator no later than fifty (50) calendar days after the Settlement Notice Date. Following final approval of the Settlement and the occurrence of the Effective Date, each Settlement Class Member who did not submit a timely, valid request for exclusion shall be bound by the releases in the Settlement Agreement.

16. Any Settlement Class Member may object to the settlement by submitting a written objection to the Settlement Administrator within fifty (50) calendar days after the Notice Deadline. The objection must include the information stated in Section VII.3.a–g of the Settlement Agreement or the Court will not consider it. An objector who submits a timely, written objection, or their attorney, may appear at the Final Approval Hearing only if the objection includes a statement that either the objector or his counsel intends to appear.

17. Any Settlement Class Member may file a claim by submitting a valid claim form no later than seventy-five (75) calendar days after the Notice Deadline.

18. Class Counsel shall file a motion for final approval of the settlement within 120 calendar days after the Notice Deadline.

19. The parties shall file any responses to objections and/or replies to the motion for final approval and motion for attorneys' fees, costs, and service awards, no later than fourteen (14) calendar days prior to the Final Approval Hearing.

20. The Court will hold a Final Approval Hearing on September 11, 2024 at 3:00 pm to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court; to determine whether the Final Approval Order and Judgment should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for Service Awards to

the Class Representatives; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of Settlement Class Members.

21. Any interested person who has not opted out of the Settlement Class may appear at the Final Approval Hearing to argue that the proposed Settlement Agreement should or should not be approved as fair, reasonable, and adequate; provided, however, that no person shall be heard or entitled to contest the approval of the Settlement unless that person has filed with the Court a written objection stating their intention to appear and any supporting papers or briefs by the Objection Deadline. Any Settlement Class Member who does not submit an objection in the manner set forth in Section VII of the Settlement Agreement shall be deemed to have waived any objection to the Settlement Agreement and shall be foreclosed from making any objection to certification of the Settlement Class, to the fairness, adequacy or reasonableness of the Settlement Agreement, and to any attorneys' fees, cost reimbursements, or Service Awards to the Named Plaintiffs approved by the Court.

22. The Court retains jurisdiction over the Action and all matters arising out of or connected with the proposed Settlement Agreement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. After the Final Approval Hearing, the Court may approve the Settlement without further notice to Settlement Class Members.

23. Pursuant to Section II.10 of the Settlement Agreement, the "Effective Date" means the date five business days following the later of the following events: (A) if any Settlement Class Member objects to the Settlement: (i) the date upon which the time expires for filing a notice of appeal of the Court's Final Approval Order and Judgment; or (ii) if there is an appeal or appeals of the Final Approval Order and Judgment, and the appellate court enters an order either dismissing

the appeal(s) or affirming the Final Approval Order and Judgment without material modification, the date upon which the time expires for seeking review of that order; or (B) if no Settlement Class Member Objects to the Settlement: the date the Court enters the Final Approval Order and Judgment. The Effective Date shall not be delayed beyond the date ten (10) business days after the Court has entered the Final Approval Order in accordance with (b) above in the event the Court declines to approve, in whole or in part, solely the payment of attorneys' fees, costs, and expenses, or of service awards, in the amounts that Class Counsel requests ("Fee Request"). Further, the Effective Date shall not be delayed beyond the date ten (10) business days after an appeal is filed in the event that the sole issue on appeal is the Fee Request awarded to Class Counsel.

24.     If the Court does not enter the Final Approval Order, or if the Effective Date does not occur for any reason, the Parties will return to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the Settlement, including but not limited to certification of the Settlement Class, will be automatically void, vacated, and treated as if never filed.

SO ORDERED.

Signed on February 6, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge