# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | |
|---|---|
| M.S. and D.H., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDDATA, Inc.,<br><br>Defendant. | Case No. 4:22-cv-00187<br><br>Hon. Charles Eskridge |

**DECLARATION OF WILLIAM B. FEDERMAN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, William B. Federman, declare as follows:

1. I am the founding member of Federman & Sherwood. Federman & Sherwood has extensive experience in complex class action litigation, including data breach class actions. Federman & Sherwood has successfully prosecuted and settled numerous data breach class actions, consumer class actions, and other complex litigation throughout the country, and the firm has a strong reputation in this field.

2. I make this declaration based upon my personal knowledge.

3. I am admitted to practice before this Court and designated as one of the Class Counsel in this matter.

4. The Parties attended several in person and hybrid (some in person and some via Zoom) mediations. The first mediation was conducted in September 2022 with mediator Louis Peterson of Hillis, Clark, Martin, and Peterson. Although some progress was made, the Parties did not resolve the case. Accordingly, the Parties proceeded with litigation, including briefing motions for class certification, conducting additional

investigations, and consulting with the Plaintiffs and witnesses while also continuing discussions about potential resolution.

5. The Parties have devoted significant time and resources to litigating this case for two years. The Parties engaged in extensive discovery that included multiple sets of written discovery, Med-Data's production of over 26,000 pages of documents and numerous spreadsheets, production of the Plaintiffs' documents, Rule 30(b)(6) depositions of Med-Data and Shawnee Mission Medical Center, and Plaintiffs' depositions. Plaintiffs also subpoenaed and obtained discovery from Med-Data's cybersecurity consultant, Crowe LLP, and interviewed and obtained a declaration from Jelle Ursem, the information security researcher who discovered the exposed PHI and PII on GitHub.

6. Plaintiffs successfully opposed Med-Data's motions to dismiss for lack of standing in this case and the *Tokarski* and *C.C.* cases. Plaintiffs in this case and in *Tokarski* moved for class certification in February 2023, and Med-Data opposed in March 2023. Plaintiffs' motions were supported by a report from Gary Olsen, an expert in valuing intangible assets in several industries, including healthcare. Med-Data filed an expert report and motions to exclude Mr. Olsen's testimony with its oppositions.

7. On March 28, 2023, the Parties attended a second mediation before mediator Robert A. Meyer of JAMS in Los Angeles, California, and reached agreement on material terms of the proposed settlement.

8. The proposed settlement resolves the claims in this case and four additional cases: (1) *Tokarski v. Med-Data, Inc.*, No. 2:21-cv-00631-TL (W.D. Wash.); (2) *C.C. v. Shawnee Mission Medical Center*, Case No. 21CV01724, (Johnson County, Kansas); (3) *C.C. v. Med-Data, Inc.*, Case No. 21CV01716, (Johnson County, Kansas); (4) *D.H. v. Shawnee Mission Medical Center*, Case No. 2116-CV09159, (Jackson County, Missouri) (collectively, the "Actions"). Each of the Actions brought claims related to the posting the

PHI and PII of approximately 147,408 patients by a Med-Data employee to Github.com (the "Data Incident")

9. Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement on November 16, 2023. The Court granted preliminary approval of the Settlement on February 6, 2024, after preliminarily finding that the Settlement was fair, adequate, and reasonable.

10. In accordance with the Court's Preliminary Approval Order, the Settlement Administrator disseminated direct notice of the Settlement to more than 140,000 Settlement Class Members. At the request of Class Counsel, a reminder Postcard Notice was mailed to 121,030 Settlement Class Members who had not yet submitted a claim. This reminder Notice was mailed on April 23, 2024, a month prior to the Claims Deadline of May 21, 2024.

11. After notice of the Settlement was disseminated, there were zero objections and six timely opt-outs of the approximately 140,908 Class Members.

12. The Notice Plan was executed in accordance with the Preliminary Approval Order in a manner that ensured the due process rights of Settlement Class Members were amply protected.

13. The proposed Settlement is the product of significant negotiation by experienced counsel on both sides with the assistance of two neutral mediators, culminating in the execution of the Settlement Agreement.

14. Through the Settlement, Plaintiffs and Class Members gain significant benefits without having to incur further risk. Also, the cost of trial and any appeals would be significant and would delay the resolution of this litigation without the guarantee of any relief.

15. The plan for allocating the Settlement Fund prioritizes fraud prevention and reimbursing claimants for lost time and out-of-pocket losses, ensuring that those most

injured by the Data Incident are compensated and that all Settlement Class Members have the ability to protect themselves from future fraud.

16. In the Settlement Notice, all Settlement Class Members received a code to enroll in 36 months of health data/fraud monitoring services. Additionally, Settlement Class Members were eligible to make a claim for Out-of-Pocket expenses and time spent reimbursements, capped at $5,000, or had the option to elect an alternative cash payment which will be calculated as a *pro rata* share of the Net Settlement Fund.

17. As part of the Settlement Fund distribution, the alternative cash payment recognizes Plaintiffs' allegation that PHI/PII exposed in the Data Breach has independent value.

18. Common issues related to the Data Breach continue to dominate over any individual issues. Class-wide resolution of this case is superior because it is the only practical means through which the Settlement Class Members may obtain significant and immediate relief.

19. Based on our experience litigating and resolving data breach and other data privacy cases, the discovery conducted in this case, and considering the risks and cost of continued litigation, my co-counsel and I believe this settlement is fair, reasonable and adequate as well as in the best interests of the proposed Settlement Class. The named plaintiffs support the settlement as well.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 5th day of July, 2024 at Oklahoma City, Oklahoma.

By: /s/: *William B. Federman*
William B. Federman