United States District Court
Southern District of Texas
**ENTERED**
September 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| M.S. and D.H., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MED-DATA, Inc.,<br><br>Defendant. | Civil Action No. 4:22-cv-00187<br><br>Judge Charles Eskridge |

### ORDER GRANTING PLAINTIFFS' MOTION
### FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court, having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, Plaintiffs' Motion for Attorneys' Fees and Costs and for Service Awards to Plaintiffs, the Settlement Agreement and Release between Plaintiffs and Defendant Med-Data, Inc., the record in this Action, the submissions and arguments presented by counsel, and, having held a Final Approval Hearing on September 11, 2024, finds that:

1. Unless otherwise defined herein, all capitalized terms in this Final Approval Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the action and over the settling parties, including the Settlement Class Members.

3. On February 6, 2024 (ECF No. 88), the Court preliminarily approved the settlement and certified, for settlement purposes, the Settlement Class as defined in the Settlement Agreement.

4.	On December 20, 2023, the Court appointed Settlement Administrator, Postlethwaite & Netterville ("P&N"), who properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court finds that the notice satisfied the requirements of CAFA and that more than ninety (90) days have elapsed since notice was provided, as required by 28 U.S.C. § 1715(d).

5.	P&N executed the Notice Plan outlined in the Settlement Agreement and approved by the Court in its Preliminary Approval Order as meeting the requirements of due process and Federal Rule of Civil Procedure 23. The Notice Plan reached 86.92% of Settlement Class Members. The notices apprised the Settlement Class members of the pendency of the litigation; of all material elements of the proposed Settlement; of the res judicata effect on members of the class and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The Notice Plan prescribed by the Settlement Agreement provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice.

6.	The Notice Plan satisfied Federal Rule of Civil Procedure 23 and the requirements of due process, provided the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, provided an opportunity for Settlement Class Members to object or exclude themselves from the Settlement, and supports the Court's exercise of

jurisdiction over Settlement Class Members as contemplated in the Settlement Agreement and this Final Approval Order.

7. Settlement Class Members were given an opportunity to object to the settlement. There are no objections to the settlement.

8. The following individuals made timely requests for exclusion: Beckie Cook, Colleen Reilly, Jenny Kuhlman, Laura Winske, Perry Adelung, and Jo Dee Adelung. These individuals are excluded from the Settlement Class and are not bound by this Final Approval Order.

9. The settlement was arrived at as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of an experienced mediator.

10. The settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation, as well as the risk involved in establishing liability and damages and in maintaining the class action through trial and appeal.

11. The consideration provided by the settlement constitutes fair value given in exchange for the release of the Settlement Class Members' Released Claims against the Released Parties. The Court finds that the consideration provided to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the action, and the potential risks and likelihood of success of pursuing trial on the merits.

## IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

12. The Court finally approves the Agreement, including the plans for implementation and distribution of the Settlement Fund, and the non-monetary relief, and finds that it is in all respects fair, reasonable, adequate, and in the best interest of Settlement Class Members and is the result of extensive arm's length negotiations. Class Counsel also find the Settlement to be in the best interests of the Settlement Class. The parties dispute the validity of the claims in the action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had the parties continued to litigate, the Court would still need to rule on Plaintiffs' pending motion for class certification. Defendant would likely appeal any order granting certification and even if the certification order survived, dispositive motions would be likely to follow. And Settlement Class Members would have faced the risk and expense of trial, as well as possible appeals. For all these reasons, the Court finds that the uncertainties and expense of continued litigation in both the trial and appellate courts weigh in favor of settlement approval.

13. Pursuant to Federal Rule of Civil Procedure 21(a) and 23(b)(3), the following Settlement Class is certified for settlement purposes only:

> all residents of the United States whose personal information was included in the data uploaded to Github.com by a Med-Data employee and announced by Med-Data in March 2021

Excluded from the class are (1) the Court and all members of the Court's staff; (2) the officers and directors of Defendant and its Business Associates; (3) persons who have been separately represented by an attorney and entered into a separate settlement agreement

in connection with the Data Incident; and (4) persons who timely and validly request exclusion from the Settlement Class.

14. The Court provisionally certified the Settlement Class in its Preliminary Approval Order and now finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(a) and (b)(3).

15. The numerosity requirement is satisfied because Settlement Class Members are ascertainable from Med-Data's records and there are more than 140,000 Settlement Class Members. *Mullen v. Treasure Chest Casino*, 186 F.3d 620, 624 (5th Cir. 1999); *Almon v. Conduent Bus. Servs.*, 2022 WL 902992, at *24 (W.D. Tex. Mar. 25, 2022).

16. The commonality requirement is satisfied because there are overarching questions of law and fact common to the Settlement Class, including whether Med-Data had a duty to protect Settlement Class Members personally identifiable and personal health information. *See In re Brinker Data Incident Litig.*, 2021 WL 1405508, at *8 (M.D. Fla. Apr. 14, 2021).

17. The typicality requirement is satisfied because Plaintiffs' and Settlement Class Members' injuries arise from the same data exposure and their claims are based on the same legal theories. *See* Fed. R. Civ. P. 23(a)(3); *Brinker*, 2021 WL 1405508, at *8; *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 309 (N.D. Cal. 2018).

18. The adequacy requirement is satisfied because Plaintiffs have no interests that conflict with other Class Members, have demonstrated their commitment to the Settlement Class's interests, and are represented by qualified counsel. *See Unger v.*

*Amedisys Inc.,* 401 F.3d 316, 321 (5th Cir. 2005).

19. The predominance requirement is satisfied because Settlement Class Members' claims arise from a single event, the exposure of their PHI and PII on GitHub.com, and Defendant's liability will turn on common questions proven with predominantly common evidence. *See Anthem*, 327 F.R.D. at 312; *In re Heartland Payment Systems*, 851 F. Supp. 2d 1040, 1059 (S.D. Tex. 2012).

20. The superiority requirement is satisfied because the resolution of numerous claims in one action is far superior to individual lawsuits and promotes consistence and efficiency of adjudication, particularly in a case like this one with modest damages. *See* Fed. R. Civ. P. 23(b)(3); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996); *Brinker*, 2021 WL 1405508, at *13.

21. Plaintiff, Settlement Class Members, and their successors and assigns have released claims pursuant to the release in the Settlement Agreement. The Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Approval Order.

22. Pursuant to Section II.10 of the Settlement Agreement, the "Effective Date" means the date five business days following the later of the following events: (A) if any Settlement Class Member objects to the Settlement: (i) the date upon which the time expires for filing a notice of appeal of the Court's Final Approval Order and Judgment; or (ii) if there is an appeal or appeals of the Final Approval Order and Judgment, and the appellate court enters an order either dismissing the appeal(s) or affirming the Final Approval Order and Judgment without material modification, the date upon which the time

6

expires for seeking review of that order; or (B) if no Settlement Class Member Objects to the Settlement: the date the Court enters the Final Approval Order and Judgment. The Effective Date shall not be delayed beyond the date ten (10) business days after the Court has entered the Final Approval Order in accordance with (b) above in the event the Court declines to approve, in whole or in part, solely the payment of attorneys' fees, costs, and expenses, or of service awards, in the amounts that Class Counsel requests ("Fee Request"). Further, the Effective Date shall not be delayed beyond the date ten (10) business days after an appeal is filed in the event that the sole issue on appeal is the Fee Request awarded to Class Counsel.

23. Within ten (10) business days after the Effective Date, Defendant shall deposit or otherwise transfer the remaining balance of the Settlement Fund to the Settlement Administrator.

24. Within thirty (30) calendar days of the Effective Date, the Settlement Administrator shall mail a check to each Settlement Class Member who filed a valid claim in the amount of their settlement award.

25. The parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

26. Plaintiff, Settlement Class Members, and their successors and assigns have released claims pursuant to the release in the Settlement Agreement. The Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of

these proceedings and this Final Approval Order.

27. To the extent permitted by law and without affecting the other provisions of this Final Approval Order, this Final Approval Order is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, or otherwise on behalf of, Plaintiffs or any Settlement Class Member with respect to the Released Claims, in any forum, action, or proceeding of any kind.

28. The Court retains continuing and exclusive jurisdiction over the parties and all matters relating to this action or settlement, including the administration, supervision, interpretation, construction, and enforcement of the settlement, and this Final Approval Order. This Final Approval Order finally disposes of all claims and is appealable.

29. This Final Approval Order is not, and shall not be construed as, an admission by Med-Data of any liability or wrongdoing in this or in any other proceeding.

30. The Court approves payment of attorneys' fees in the amount of $2,333,100.00 and litigation costs in the amount of $200,000.00. These amounts shall be taken out of the Settlement Fund pursuant to the terms of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained for Settlement Class members. Courts routinely approve awards of attorneys' fees of one-third of the Settlement Fund in class action cases. *See Al's Pals Pet Care v. Woodforest Nat'l Bank,* 2019 WL 387409, at *4 (S.D. Tex. Jan. 30, 2019).

31. The Court approves service awards to the Settlement Class Representatives

in the amount of $5,000.00 (each), to be paid from the Settlement Fund. The Court finds these amounts to be reasonable in light of the service performed by the Settlement Class Representatives on behalf of the Settlement Class. *See, e.g.*, *Duncan v. JPMorgan Chase Bank*, 2016 WL 4419472, at *16 (W.D. Tex. May 24, 2016).

32. The Settlement Administrator shall pay the Court-approved attorneys' fees, litigation costs, and service awards set forth above within ten (10) business days after the Effective Date.

33. The Court further approves and authorizes the payment from the Settlement Fund to cover the Settlement Administrator's costs.

34. The Court hereby dismisses this action with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement and this Order.

35. Finding no just reason for delay, the Court expressly directs that this Final Approval Order shall constitute a final judgment that is binding on the settling parties and the Settlement Class.

SO ORDERED.

Signed on September 11, 2024 at Houston, Texas.

Hon. Charles Eskridge
United States District Judge